11 So.3d 408 (2009)
Lara EMBRY, Appellant,
v.
Kimberly RYAN, Appellee.
No. 2D08-1323.
District Court of Appeal of Florida, Second District.
May 13, 2009.
*409 John R. Blue and Cristina Alonso of Carlton Fields, P.A., Miami, Shannon P. Minter of National Center for Lesbian Rights, San Francisco, CA, and Karen Doering, St. Petersburg, for Appellant.
Horatio G. Mihet, Mathew D. Staver and Anita L. Staver of Liberty Counsel, Orlando, and Mary E. McAlister and Rena M. Lindevaldsen of Liberty Counsel, Lynchburg, VA, for Appellee.
Alfred J. Saikali and Daniel B. Rogers of Shook, Hardy & Bacon, LLP, Miami, and Lori Alvino McGill and Elizabeth G. Wright of Latham & Watkins, LLP, Washington, DC, for Amici Curiae, The Center for Adoption Policy, The Evan B. Donaldson Adoption Institute, The National Center for Adoption Law and Policy, The University of Florida Center on Children and Families, The University of Miami School of Law Children and Youth Clinic, Mark Brown, Joan Heifetz Hollinger, and Barbara Bennett Woodhouse.
Jon L. Mills of University of Florida Levin College of Law, Gainesville, for Amici Curiae, Professors Erwin Chemerinsky, Sharon Rush, and Robert Schapiro.
WHATLEY, Judge.
Lara Embry appeals an order dismissing with prejudice her petition for declaratory relief and petition to determine parental responsibility, contact and support as to her adopted daughter. The trial court dismissed the petitions after finding that the adoption judgment, which was entered in the state of Washington, need not be recognized in Florida. We reverse.
In 2000, Embry and Kimberly Ryan, the child's biological mother, were engaged in a romantic relationship while living in the state of Washington. Ryan gave birth to the child on February 12, 2000, and Embry adopted her on May 10, 2000. After moving to Florida, the parties ended their relationship in 2004. During that same year, the parties entered into a child custody, visitation and property settlement agreement. Apparently, the relationship between the parties further deteriorated, and in October 2007, Ryan refused to allow Embry to have any visitation with the child. Embry thereafter filed the petition for declaratory relief and petition to determine parental responsibility, contact and support. Ryan moved to dismiss Embry's petitions, arguing that Florida was not required to give full faith and credit to the Washington adoption because, Ryan alleges, it is contrary to the public policy of Florida prohibiting same-sex couple adoptions. We reverse because the trial court was required to give the Washington adoption judgment full faith and credit.[1]
The United States Constitution's Full Faith and Credit Clause provides as follows: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const. art. IV, § 1. In interpreting the Full Faith and Credit Clause, the United States Supreme Court has held that "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." Baker v. Gen. Motors Corp., 522 U.S. 222, 233, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). Further, the *410 Court held that there are no public policy exceptions to the full faith and credit which is due to judgments entered in another state. Id.
We note that Florida law specifically provides that adoption decrees from other states must be recognized in this state:
A judgment . . . establishing the relationship [of parent and child] by adoption issued pursuant to due process of law by a court of any other jurisdiction within or without the United States shall be recognized in this state, and the rights and obligations of the parties on matters within the jurisdiction of this state shall be determined as though the judgment were issued by a court of this state.

§ 63.192, Fla. Stat. (2007) (emphasis added).[2] Embry therefore must be given the same rights as any other adoptive parent in Florida.
Therefore, regardless of whether the trial court believed that the Washington adoption violated a clearly established public policy in Florida, it was improper for the trial court to refuse to give the Washington judgment full faith and credit.
Accordingly, we reverse the order granting Ryan's motion to dismiss and remand for further proceedings consistent with this opinion.
VILLANTI, J., Concurs.
FULMER, J., Concurs specially.
FULMER, Judge, Specially concurring.
I agree that the trial court's order should be reversed. I write to address the argument that was advanced on appeal as an alternative basis to affirm the trial court's dismissal of Ms. Embry's petitions.
On appeal, Ms. Ryan acknowledges that the trial court was required to recognize the Washington judgment under the Full Faith and Credit Clause. However, Ms. Ryan advances the alternative argument that there is a distinction between recognition and enforcement of a judgment. Ms. Ryan argues that the trial court was not required to enforce the judgment because granting parental rights to a former same-sex partner contravenes section 63.042, Florida Statutes (2007), which prohibits adoption by a homosexual.
Ms. Ryan's argument lacks merit for several reasons. The issue before the trial court was not whether Ms. Embry should be allowed to adopt. It is undisputed that Ms. Embry adopted her child in the state of Washington where same-sex adoptions are allowed. Further, not only is Ms. Ryan's argument being raised for the first time on appeal, but, on the merits, Florida law expressly grants parental rights to any person who has obtained the status of parent by virtue of an adoption decree from a sister state.
As noted in the majority opinion, section 63.192 not only mandates recognition of adoption judgments issued by another state but further states that "the rights and obligations of the parties on matters within the jurisdiction of this state shall be determined as though the judgment were issued by a court of this state." In other words, Ms. Embry is entitled to the same rights and obligations that are granted to a person who became an adoptive parent by virtue of a Florida judgment of adoption. Unlike section 63.042, section 63.192 does not exclude homosexuals from its provisions. *411 Thus, Ms. Embry's same-sex relationship with Ms. Ryan is irrelevant for the purpose of enforcing her rights and obligations as an adoptive parent.
NOTES
[1] During oral argument, counsel for Ryan conceded that the trial court was required to recognize the Washington judgment.
[2] Section 63.172(1)(c), Florida Statutes (2007), also provides that an adoption judgment, whether entered by a court of this state or another state, has the effect of creating a relationship between the adopted child and the petitioner that would have existed if the adopted child were a blood descendant of the petitioner.